UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA D SAPP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-3511 |
| | § | |
| MEMORIAL HERMANN HEALTHCARE | § | |
| SYSTEM, | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

Pending before the Court is Defendant Memorial Hermann Healthcare System's ("Memorial Hermann") motion for summary judgment (Doc. 13), as well as Plaintiff Linda D. Sapp's ("Sapp") response and motion for continuance (Doc. 14), Memorial Hermann's reply (Doc. 16), and Sapp's surreply (Doc. 18).  Also before the Court is Plaintiff Sapp's motion for partial summary judgment (Doc. 15), as well as Memorial Hermann's response (Doc. 17). Finally, before the Court is Plaintiff Sapp's motion for reconsideration and in the alternative objections to the magistrate judge's recommendations (Doc. 34), as well as Memorial Hermann's response (Doc. 35) and Sapp's reply (Doc. 36).  Upon review and consideration of these motions, the relevant legal authority, and for the reasons explained below, the Court finds that Defendant Memorial Hermann's motion to dismiss (Doc. 13) should be granted and Plaintiff Sapp's motions for a continuance (Doc. 14), partial summary judgment (Doc. 15) and reconsideration (Doc. 34) should be denied as moot.

I.  Background and Relevant Facts

Plaintiff Sapp was a pursuing a master degree in nursing at Texas Woman's University

when she was assigned to complete a practicum at Memorial Hermann Hospital-Medical Center as part of her curriculum.  (Doc. 1 at ¶¶ 6–7.)  Sapp was also employed by Memorial Hermann Healthcare System-Woodlands, a separate location under the Memorial Hermann Healthcare System.  (*Id.* at ¶ 8.)  During her practicum at Memorial Hermann Hospital-Medical Center, Sapp was assigned the task of writing a "Clinical Manager Ladder Proposal" ("the proposal"). (*Id.* at ¶ 9.)  Sapp wrote the proposal and gave it to the preceptor of her practicum program.  (*Id.*) Sapp copyrighted her work.  (*Id.* at ¶ 11.)  Sapp alleges that her proposal was altered, transformed, reproduced, distributed, and implemented throughout the Memorial Hermann Healthcare System without her permission.  (*Id.* at ¶ 10–11.)

Sapp filed her first lawsuit against Memorial Hermann on December 14, 2006, asserting claims of race, national origin, sex, age, and religious discrimination, harassment, and retaliation. (*See Linda Sapp v. Memorial Hermann Heathcare System*, Case No. 4:06-cv-3971 ("Sapp I"), Doc. 1.)  On May 2, 2007, Sapp amended her complaint, claiming that Memorial Hermann "used and implemented Sapp's work product for which they gave her no credit or compensation in order to discriminate and harass Sapp."  (*Sapp I*, Doc. 12 at ¶ 12.)  Further, Sapp alleged that "[o]n or about July 15, 2005, . . . Sapp learned . . . that [her] written proposal for a Clinical Ladder for Clinical Managers had been embraced and implemented at all 11-12 locations of the Defendant throughout the entire Houston area."  (*Id.* at ¶ 25.)  However, Plaintiff Sapp did not assert copyright infringement, unfair trade practices, and unfair competition claims in Sapp I. (*See generally Sapp I*, Doc 12.)

Defendant Memorial Hermann moved for summary judgment in Sapp I on all of Sapp's claims.  (*Sapp I*, Doc. 25.)  Sapp did not respond, and the district court granted Memorial Hermann's motion and entered final judgment in its favor.  (*Sapp I*, Docs. 26–28.)  Sapp did not

appeal.

On November 30, 2008, Sapp filed the instant lawsuit.  Plaintiff Sapp now alleges copyright infringement, unfair trade practices, and unfair competition in violation of the Lanham Act of 1996, 15 U.S.C. §§ 1121, 1125(a) ("Lanham Act").  (Doc. 1 at ¶¶ 12–18.)  Defendant Memorial Hermann moves for summary judgment on the grounds that Sapp's claims are entirely barred by the doctrine of *res judicata*.  (Doc. 13)

## II.  Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor.  *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir.

1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871,

889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

III. Discussion

In order for a claim to be barred by the doctrine of *res judicata*, the following elements must be established: (1) the parties in both the prior and current suits must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits. *Oreck Direct LLC v. Dyson Inc.*, 560 F.3d 398, 401 (5th Cir. 2009); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004) (quoting *Howe v. Vaughn*, 913 F.2d 1138, 1143–44 (5th Cir. 1990)). If all four factors are present, all other claims or defenses that arise from the same nucleus of operative facts should be eliminated. *Id.*

The parties in this case and *Sapp I* are identical.  On October 30, 2008, a court of competent jurisdiction rendered the final judgment in *Sapp I* on the merits.  (*Sapp I*, Doc. 28.)  Sapp did not appeal the court's final judgment.  Thus, the remaining question is whether *Sapp I* and this lawsuit involve the same cause of action.

In determining whether two lawsuits involve the same cause of action, the critical issue is whether the two actions are based on the "same nucleus of operative facts." *Davis*, 383 F.3d at 303.  What constitutes a "transaction" or a "series of transactions" is determined by weighing various factors such as "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* at 313 (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir.2004) (quoting the RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982))).

The doctrine of *res judicata* bars all claims that were or could have been advanced in the prior adjudication.  *Oreck Direct LLC*, 560 F.3d at 401; *Nilsen v. City of Moss Point*, 701 F.2s 556, 559–60 (5th Cir. 1983).  When the claims at issue in a subsequent lawsuit are so connected in time, space, origin, or motivation with the claims in a prior lawsuit, *res judicata* bars the claims that could have been brought in the first action.  *Davis*, 383 F.3d at 314.  In particular, when two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the second suit, even though a different legal theory of recovery is advanced.  *Lee v. City of San Antonio*, 192 F.App'x 258, 261 (5th Cir. 2006).

In this case, Plaintiff Sapp's claims of copyright infringement, unfair trade practices, and unfair competition originate from the same nucleus of operative facts underlying the discrimination claims in *Sapp I*, namely whether Defendant Memorial Hermann took credit for,

implemented, and utilized the clinical manager ladder proposal without Sapp's permission. Because both of Sapp's lawsuits against Memorial Hermann arise from virtually identical factual allegations, the copyright claims now in issue could have and should have been brought in *Sapp I*.

IV.  Conclusion

Accordingly, the Court hereby ORDERS that Defendant Memorial Hermann Healthcare System's ("Memorial Hermann") motion for summary judgment (Doc. 13) is GRANTED, and Plaintiff Linda D. Sapp's motions for a continuance (Doc. 14), partial summary judgment (Doc. 15) and reconsideration (Doc. 34) are DENIED as moot.

SIGNED at Houston, Texas, this 19th day of April, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE